IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **COMPLAINT** |
| GEORGE W. MOROSANI AND ASSOCIATES, LLC, | ) ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Terrance Stubblefield ("Stubblefield") who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges Defendant George W. Morosani and Associates, LLC ("Defendant") discharged Stubblefield in retaliation for Stubblefield's complaints about racial harassment by a supervisor.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, a North Carolina Limited Liability Company, has continuously been doing business in the State of North Carolina and the City of Asheville, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Stubblefield filed a charge with the Commission alleging violations of Title VII by Defendant. Defendant responded to Stubblefield's charge and participated in all aspects of the Commission's administrative investigation.

7. On March 6, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.  The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On April 5, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. On or about August 1, 2017, Defendant engaged in unlawful employment practices in Arden, North Carolina in violation of Section 704 of Title VII, 42 U.S.C. § 2000(e)-3(a). Specifically, Defendant retaliated against Stubblefield for his opposition to practices made unlawful by Title VII, specifically his complaint about what he reasonably perceived to be harassment because of his race, black, while he was employed by Defendant.

13. Stubblefield began working for Defendant as a Maintenance Helper on or about May 17, 2017.

14. As a Maintenance Helper, Stubblefield performed tasks such as digging footer holes for decks, caulking, and other maintenance tasks as assigned.

15. During his employment, Stubblefield worked on a crew assigned to perform maintenance at Wellington Community Estates mobile home community ("Wellington Community") in Arden, North Carolina.

16. The Wellington Community crew consisted of Stubblefield and at least three other Maintenance Helpers.

17. The Wellington Community crew was supervised by a Maintenance Supervisor.

18. On or about July 27, 2017, the Maintenance Supervisor observed Stubblefield performing caulking work inside a home, at which time the Maintenance Supervisor told

Stubblefield the caulking work looked dirty. The Maintenance Supervisor also stated that Stubblefield could not help that the caulking work was dirty because Stubblefield is black.

19. During the same interaction on or about July 27, 2017, the Maintenance Supervisor called Stubblefield "nigger."

20. During the July 27, 2017 interaction, the Maintenance Supervisor also accused Stubblefield of complaining of being assigned "nigger work."

21. Stubblefield left the worksite and contacted Defendant's Managing Member.

22. Stubblefield spoke to the Managing Member by phone on July 27, 2017 and complained of the Maintenance Supervisor's use of racial slurs that day.

23. The Managing Member repeated the terms "nigger" and/or "nigger jobs" during the July 27, 2017 phone conversation with Stubblefield.

24. In the July 27, 2017 phone call, Defendant's Managing Member told Stubblefield that if Stubblefield could not work with the Maintenance Supervisor, Defendant did not have a job for Stubblefield.

25. The Managing Member told Stubblefield that he (the Managing Member) would get back to Stubblefield concerning his complaint.

26. On or about August 1, 2017, Defendant discharged Stubblefield.

27. Defendant terminated Stubblefield in retaliation for complaining of the Maintenance Supervisor's racial slurs which Stubblefield reasonably perceived to be harassment because of Stubblefield's race.

28. The effect of the practices complained of above has been to deprive Stubblefield of equal employment opportunities and otherwise adversely affected his status as an employee because of his opposition to practices made unlawful by Title VII.

29. The unlawful employment practices complained of above were intentional.

30. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Stubblefield.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in discrimination by retaliating against current, future, or former employees or applicants who oppose practices made unlawful by Title VII, who participate in a proceeding under Title VII by filing a charge of discrimination with the Commission, or who otherwise engage in protected activity under Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all current and future employees or applicants who oppose unlawful discriminatory employment practices, who participate in a proceeding under Title VII, or who otherwise engage in protected activity, and which eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant to make Stubblefield whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make Stubblefield whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Stubblefield whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant Employer to pay Stubblefield punitive damages for its intentional, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted this 26th day of June 2019.

>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
>
> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
> 131 M Street, NE
> Washington, D.C. 20507
>
> /s/ *Lynette A. Barnes*
> LYNETTE A. BARNES (NC Bar 19732)

Regional Attorney

Kara Haden  (VA Bar 39682)
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

/s/ *Katherine J. Christy*
KATHERINE J. CHRISTY
(IL Bar No. 6282803)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6464
Facsimile: 704.954.6412
Email: katherine.christy@eeoc.gov

ATTORNEYS FOR PLAINTIFF