IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> GEORGE W. MOROSANI AND ASSOCIATES, LLC, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:19-cv-00203-MR-WCM <br><br> CONSENT DECREE |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleges that Defendant George W. Morosani and Associates, LLC ("Defendant") discriminated against Terrance Stubblefield ("Stubblefield") when it discharged Stubblefield in retaliation for engaging in a protected activity. Defendant denies the allegations in the Complaint and the Commission does not disallow the allegations in the Complaint.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the

1

purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

2. Defendant shall pay Terrance Stubblefield the sum of Eleven Thousand Dollars ($11,000.00), less required withholdings, in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Terrance Stubblefield. Payment shall be made within seven (7) days after the Court approves this Consent Decree, and Defendant shall mail the check to Terrance Stubblefield at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Terrance Stubblefield. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Terrance Stubblefield may or may not incur on such payments under local, state and/or federal law.

3. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Terrance Stubblefield any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 430-2017-02144 and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall

change all references in its personnel records for Terrance Stubblefield from "terminated" to "voluntarily resigned." Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with paragraph 3 to the Commission.

4. Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement, and distribute a formal, written anti-discrimination policy which shall include at least the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against retaliation; a definition of retaliation along with examples of retaliation to supplement the definition of retaliation; a statement explaining the process by which to report harassment, identifying the full name, job title and contact information for complaints; and a statement that no form of retaliation against the target of harassment, individuals who provide information, or other individuals contacted in the course of an investigation will be tolerated and that any such retaliation will result in disciplinary action, including possible discharge. Defendant shall distribute to each current employee a copy of the policy within the aforementioned ninety (90) day time period. Within one hundred (100) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. Throughout the term of this Consent Decree, Defendant shall review the policy with all newly hired employees at the time of hire.

5. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 4, *supra*, in its facility in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety-five (95) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

6. Defendant shall provide prior written notice to any potential purchaser of Defendant's Wellington Community Estates of the existence and contents of this Consent Decree.

3

7. During the term of this Consent Decree, Defendant shall provide an annual training program to all managers, supervisors and employees. Each training program shall include an explanation of the prohibition under Title VII against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 4 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. The subsequent training program shall be conducted approximately one-year after the initial training. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Consent Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the

Court of this Consent Decree. The reports will include the following information:

    A.    the identity of each of Defendant's employees who during the reporting period complained either verbally or in writing of unwelcome conduct or harassment on the basis of race, color, religion, sex or national origin, including by way of identification each person's name, address, telephone number, and position;

    B.    describe all actions taken in in response to the complaint(s) identified in response to 9.A. above and identify each person involved in investigating the complaint(s) and taking action on the complaint(s);

    C.    for each individual identified in response to 9.A. above, explain whether the individual's employment status has changed in any respect since his or her complaint (for example, including but not limited to, termination, demotion, promotion, or to part-time from full-time); and

    D.    for each individual whose employment status has changed as identified in response to 9.C. above, a detailed statement explaining why the individual's employment status has changed and the identity of each person involved in the decision-making process.

Defendant shall provide the social security number of an individual identified in response to 9.A. within seventy-two (72) hours of a request by the Commission.

In the event that there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

    10.    The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, after providing at least forty-eight (48) hours' notice to the point of contact identified in paragraph 13, below interview employees and examine and copy documents. As part of the review for compliance with the posting provisions contained in paragraphs 5 and 8, above, the Commission may inspect Defendant's Wellington Community Estates facility or its corporate office facility without notice.

    11.    If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged

violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

13. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Jonathan Yarbrough at JYarbrough@constangy.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission at and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

6/27/2020
Date

Martin Reidinger
United States District Judge
Western District of North Carolina, Asheville Division

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **GEORGE W. MOROSANI AND ASSOCIATES, LLC, Defendant** |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Kara Gibbon Haden*
Kara Gibbon Haden (NC Bar #26192)
Acting Regional Attorney
E-mail: kara.haden@eeoc.gov

**GEORGE W. MOROSANI AND ASSOCIATES, LLC, Defendant**

*Jonathan W. Yarbrough*
JONATHAN W. YARBROUGH
(NC Bar #21316)
CONSTANGY, BROOKS
SMITH & PROPHETE, LLP
84 Peachtree Road, Suite 230
Asheville, North Carolina 28803
Telephone: (828) 277-5137
Facsimile: (828) 277-5138
Email: jyarbrough@constangy.com

**ATTORNEY FOR DEFENDANT**

*Katherine J. Christy*
KATHERINE J. CHRISTY (I.L. Bar #6282803)
Senior Trial Attorney
Equal Employment Opportunity Commission
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 980.296.1291
Facsimile: 704.954.6412
Email: katherine.christy@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**